

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

August 19, 1964

Honorable Doug Crouch
District Attorney
Tarrant County
Fort Worth, Texas

Opinion No. C-295

Re: In a mental health case,
can the trial judge prop-
erly direct the patient
and his family not to pay
the $5.00 statutory judge's
fee listed on the cost bill
for such case and related

Dear Mr. Crouch:
question.

You have requested the opinion of this office in regard
to the following two questions concerning costs in a mental health
case:

"(1) In a mental health case, can the
trial judge properly direct the patient and
his family not to pay the $5.00 statutory
judge's fee listed on the cost bill for such
case?

"(2) In a mental health case, can the
trial judge properly direct the county clerk
to tax the $5.00 statutory judge's fee against
the county treasurer?"

Prior to the enactment of the Mental Health Code,
Articles 5547-1 to 5547-104, Vernon's Civil Statutes, the fol-
lowing statutes governed the taxing and payment of costs of a
Hearing in a mental health case: Article 5550, Vernon's Civil
Statutes; Article 5561, Vernon's Civil Statutes; and Article
4316, Vernon's Civil Statutes. These statutes provided that
officers', jurors' and attorneys' fees be taxed as costs and
paid out of the patient's estate, but if such estate is insuf-
ficient, said costs were to be paid by the county.

In 1957, when the 55th Legislature enacted the afore-
said Mental Health Code, it expressly repealed Articles 5550 and
5561. Article 5547-103, therein, provides:

-1410-

"The following Statutes and Acts, together with all laws or parts of laws in conflict herewith, are hereby repealed:

". . .

"Revised Civil Statutes of Texas, 1925, Article 5550, as amended, Acts 1937, Forty-fifth Legislature, Chapter 445, Section 1; . . .Article 5561, as amended, Acts, 1929, Forty-first Legislature, First Called Session, Chapter 101, Acts, 1933, Forty-third Legislature, Chapter 200; . . ."

Article 4316 had previously, in 1955, been incorporated by the 54th Legislature into Section 247 of the Probate Code, Vernon's Civil Statutes. The 55th Legislature did not incorporate Article 4316 into the Mental Health Code. However, the 55th Legislature provided, in Article 5547-100, the applicability of the Mental Health Code, to-wit:

"This Code applies to any conduct, transaction or proceeding within its terms which occurs after the effective date of this Code, . . ." (Emphasis ours)

Therefore, one must look to the provisions of the Mental Health Code when seeking to determine matters that fall within its terms.

There is a specific subdivision of the Mental Health Code that governs costs in a Mental Health proceeding. Article 5547-14 states:

"(a) The county of legal residence of the patient shall pay the costs of Temporary Hospitalization, Indefinite Commitment and Re-examination and Hearing proceedings, including attorneys' fees and physicians' examination fees, and expenses of transportation to a State mental hospital or to an agency of the United States.

"(b) For the amounts of these costs actually paid, the county is entitled to reimbursement by the patient or any person or estate liable for his support, in a State Hospital." (Emphasis ours)

It is significant to note that the Legislature changed the primary burden of costs from the patient and his estate to the county.

The statutory judge's fee is a part of the costs of the Hearing proceedings. See Attorney General's Opinion No. C-121 (1963).

The order of a judge directing a patient and his family not to pay the statutory judge's fee, in opposition to subdivision (b) of Article 5547-14, has the effect of suspending the law. Such an act, by a member of the judiciary, is in violation of the Constitution. Article I, Section 28 of the Texas Constitution states:

"No power of suspending the laws shall be exercised except by the legislature."

The duty of a member of the judiciary is to make the law effective, not to suspend it. The Supreme Court in the case of Turner v. Cross, 83 Tex. 218, 18 S.W. 578 (1892), stated the duty of a court as follows:

". . .It is the duty of a court to administer the law as it is written, and not to make the law; and however harsh a statute may seem to be, or whatever may seem to be its omission, courts cannot on such considerations by construction sustain its operation or make it apply to cases to which it does not apply, without assuming functions that pertain solely to the legislative department of the government. . . ." (Emphasis ours)

The Dallas Court of Civil Appeals reiterated this statement of a court's duty in the case of Sharp v. Jester, 239 S.W. 655 (Tex. Civ.App. 1922) at page 658:

"Courts are the agency by which the law is made effective--merely the servants of the law, charged with the duty, not to make a law to their liking by forced construction either to give a remedy not provided for or to withhold one secured, but to ascertain and enforce the law as created by the legislative power of the state. Therefore the duties of and limitations on the powers of the judiciary are as important to be observed by courts as it is that the people should bow to the majesty of the law. Both must concur to secure a harmonious and satisfactory enforcement and observance of the law."

An examination of subdivisions (a) and (b) of Article 5547-14 reveals that it is proper for the judge to adjudge the statutory judge's fee against the county as said fee is a part of the Hearing proceedings. The county then has the right of reimbursement against the patient or any person or estate liable for his support for the amount of the costs actually paid. Subdivision (a) clearly states that "The county of legal residence shall pay the costs." Subdivision (b) states that "the county is entitled to reimbursement by the patient or any person or estate liable for his support." (Emphasis ours). This statute is not ambiguous. It is susceptible of but one meaning, to-wit: the county shall pay the costs, having the right of reimbursement against the patient and those liable for his support. As to the necessity for construction of a statute, see 53 Tex.Jur.2d, 173, Statutes, Sec. 123 and cases cited therein:

> "Resort may be had to the canons of construction when necessary to determine the meaning of an ambiguous statute. But a court will not assume to construe or interpret a statute if there is no necessity for it to do so, that is, if the statute is susceptible of but one construction.

> "There is no room for construction when the law is expressed in plain and unambiguous language and its meaning is clear and obvious. In such a case the law will be applied and enforced as it reads, regardless of its policy or purpose, or the justice of its effect. . . . "

Since the 55th Legislature specifically enacted the Mental Health Code, one must look to its provisions when seeking to determine matters that fall within its terms. Article 5547-14, (a) and (b) of said Code governs the matter of costs in a mental health case. Subdivision (a) states that the county shall pay the costs of the hearing proceedings. Subdivision (b) states that the county is entitled to reimbursement from the patient or those liable for his support. Therefore, it is improper for a judge to suspend the law by directing a patient and his family not to pay the costs in opposition to Article 5547-14 (b).

However, it is proper for the court to adjudge the statutory judge's fee against the county as Article 5547-14 (a) states that the county shall pay the costs of the Hearing proceedings.

## S U M M A R Y

In a Mental Health case, a judge is not authorized to direct a patient and his family not to pay the statutory judge's fee; however, the court can adjudge the statutory judge's fee against the county.

Very truly yours,

WAGGONER CARR
Attorney General

By: *Roy B. Johnson*

Roy B. Johnson
Assistant

RBJ:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
Gordon Houser
Ralph Rash
Cecil Rotsch

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone